Reese, J.
delivered the opinion of the court.
This is an action of detinue for slaves. The property in question was bequeathed by the last will and testament of Boling Felts-to his wife, for life, and after her death to Ann Sullivan, the plaintiff in this suit, then the wife of William Sullivan, and the said William was appointed executor of the will. He duly took upon himself that office, and in 1819, purchased of Mary Felts, testator’s-widow, the property in- question, for the sum of one hundred dollars per annum, to be paid to her during her life.
In 1830, Mary Felts acknowledged in writing her reception of a sum in gross, from William Sullivan, in satisfaction of her annuity. Subsequently, in-the same year, William Sullivan conveyed the slaves, for a valuable consideration, to Caplinger, the defendant, and put him in possession thereof, he, himself, having been possessed of them from the time- of his purchase in-1819. William Sullivan died in 1835. Mary Felts, the owner of the slaves for life, and Ann Sullivan, the wife of William, to whom they were limited in remainder, surviving. Mary Felts died in 1838.
These facts, in the circuit court, were found by the jury in a; special verdict, and judgment thereon was pronounced by his honor *549 the circuit judge, in favor of Ann Sullivan, the plaintiff, and the defendant, Caplinger, has appealed in error to this court.
Justice Story, in his Commentaries on Equity, paragraph 1413, states it as a principle, that “no assignment by the husband, of re-versionary choses in action, pr other reversionary equitable interests of the wife, even with her consent and joining in the assignment, will exclude her right of survivorship.” The assignment, he adds, “is not, and cannot from the nature of the thing, amount to a reduction into possession of such reversionary interests.”
The general principle thus laid down, we find to be abundantly sustained by authority, and particularly, by the leading cases on the subject, Purdew vs. Jackson, 1 Russ. 1, determined by Sir Thomas Plummer, Master of the Rolls, and the case of Honner vs. Morton, 3 Russ. 65, determined by Lord Chancellor Lyndhurst, 15th April, 1827.
The point settled in the last case, is, that where husband and wife, assign to a purchaser, for valuable consideration, a share of an ascertained fund, in which the wife has a vested interest in remainder, expectant on the death of a tenant for life, and both the wife and tenant for life, outlive the husband, the wife is entitled by right-of survivorship, to claim the whole of the share of the fund, against such particular assignee for valuable consideration. The Lord Chancellor refers to the principal cases relied on, on either side, and! particularly to the case before Sir Thomas Plummer, and concludes, after considering the question in all its bearings, and the authorities and principles on the one side, and on the other, that the judgment of the Master of Rolls, in Purdew vs. Jackson, was right, and that the husband dying while the wife’s interest continued reversionary, had no power to make an assignment of property of this description, which shall be valid, against the wife surviving.
But it is urged on behalf of the defendant, in this case, that the husband did not die, while the wife’s interest in the property continued reversionary; for it is said, that the reversionary character of the interest was terminated by the purchase on the part of the husband, from the tenant for life. But this, we think is not so. For if after this purchase, the husband had died, without assignment, can it be doubted, that the personal representative of the husband, would have been entitled, during the existence of the ten *550 ant for life, to the property in question, and after that, that the wife would have been entitled by survivorship?
The wife had no interest in the husband’s purchase; he stood in the place of tenant for life. The tenancy for life still continued, and the reversionary interest unaffected by such purchase, could not commence in possession, till the life estate terminated. The husband possessed the slaves, but he possessed them as purchaser, not as husband, and his title and possession, were of, and commensurate with, the life estate, and that only. Here was no merger of estates. The life estate belonged to the husband solely, and absolutely as purchaser; the reversionary interest or remainder, to husband and wife, in right of the wife, and liable to become his absolutely by survivorship. If the husband, having assigned, had continued to live till the life time estríe had terminated, then,indeed, as a court of chancery views such assignment as an agreement to assign when in his power, and considers that also as done, which ought to have been done, the assignee for a valuable consideration, would, in equity, have been entitled to the property.
We have been referred by defendant’s counsel to the case of Pinckard vs. Smith and wife, Littell’s Select Cases, 331, as bearing on this question. The court in that case, seemed to be of opinion, that a vested remainder in a slave, occurring to the wife during coverture, so far vested in the husband, as that he would be entitled to recover the same, without administration on the wife’s estate. But they also state it, as their opinion, that it does not so vest, as to defeat the wife of her right by survivorship. The case, whether properly determined or not, can, therefore, be no authority bearing upon the case, at the bar.
Upon the whole, we are of opinion, that the circuit court pronounced the proper judgment upon the special verdict, and we, therefore, affirm that judgment.